UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY JEROME CROSBY, | No. 2:17-cv-0277-EFB P |
| Plaintiff, | |
| v. | ORDER |
| JERRY BROWN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] He has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.  Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

**III.    Screening Order**

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds that it must be dismissed with leave to amend.[2] According to the complaint, defendants Governor Brown and Director of the California Department of Corrections and Rehabilitation, Scott Kernan, have not made a good faith attempt to reduce prison overcrowding in accordance with *Plata v. Brown*, 563 U.S. 493, (2011) and Proposition 57.[3] As a result of the overcrowding, inmates in the dayroom allegedly no longer have access to a bathroom, and urinate and defecate in shower stalls. Plaintiff allegedly requested permission to use the bathroom in his cell during dayroom hours because of a medical condition that requires him to urinate more than the average person. Plaintiff's request was purportedly denied. In addition, the complaint alleges that inmates who share a cell are forced to smell each other's bowel movements because the toilets in their cells can only be flushed twice in a five minute time frame. The complaint also alleges that because of overcrowding, plaintiff's meetings with his mental health counselor are shorter and less frequent, and his meetings with medical providers are limited to five minutes with an incompetent doctor. The complaint alleges that inmates are denied standard medical care until hospitalization is the only option. For example, plaintiff's diabetes was allegedly mismanaged by non-defendant Dr. Rafiq, and plaintiff was sent to the community hospital for hypoglycemia. The complaint also alleges that one inmate killed himself after he was not timely provided with mental health treatment. In addition to defendants Brown and Kernan, the complaint names Lewis and Richardson as defendants because "they are both totally responsible for screening and the processing of inmates' 602 appeal[s]." *Id.* at 3. The complaint alleges violations of plaintiff's

---

[2] Plaintiff subsequently filed a "supplemental pleading," which the court has not considered. ECF No. 5. Plaintiff may not amend his complaint in a piecemeal fashion by filing separate documents that are intended to be read together as a single complaint. If plaintiff wishes to add, omit, or correct information in the operative complaint, he must file an amended complaint that is complete within itself.

[3] Proposition 57 added section 32 to article I of the California Constitution, which provides: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense."

3

Eighth Amendment right to be free from cruel and unusual punishment and Fourteenth Amendment right to due process. It seeks declaratory and injunctive relief, including an order directing defendants Brown and Kernan "to immediately process [plaintiff's] case under the guidelines, rules and regulation of Prop. 57." *Id.* at 12. For the reasons explained below, the complaint is dismissed with leave to amend.

As an initial matter, the court notes that the existence of orders to reduce prison overcrowding does not give rise to a claim, as overcrowding, by itself, is not a constitutional violation. *Doty v. County of Lassen*, 37 F.3d 540, 545 n.1 (9th Cir. 1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1249 (9th Cir. 1982). Moreover, plaintiff can only litigate this action on his own behalf, as he lacks standing to assert the constitutional rights of others. *See Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1308 (9th Cir.1982) (stating that a party must assert his own rights, not those of third parties) (citing *Duke Power Co. v. Carolina Envtl Study Group*, 438 U.S. 59, 80 (1978)); *Warth v. Seldin*, 422 U.S. 490, 499 (1974) ("The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action . . . .'").

Furthermore, the complaint improperly names Brown and Kernan as defendants solely because of their supervisory roles. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Here, the complaint does not show how defendants Brown or Kernan, through their own individual actions, have violated plaintiff's rights. Plaintiff may not sue any official on the theory that the official is liable for the

unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

In addition, the allegations are too vague and conclusory to state a cognizable claim under the Eighth Amendment. A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To succeed on such an Eighth Amendment claim, a prisoner must show that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. *Id.* at 834. To show deliberate indifference, the prisoner must establish that the defendant knew of and disregarded an excessive risk to inmate health or safety – "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. A prison official may thus be free from liability if he or she did not know of the risk or took reasonable action in response to the risk. *Id.* at 844.

Plaintiff's claim regarding the denial of his request for a pass to urinate in his cell during dayroom hours is not cognizable under these standards. Although the complaint alleges that the denial deprived plaintiff of a clean, safe, and sanitary environment, there are no allegations showing that plaintiff was ever forced to urinate in one of the allegedly contaminated shower stalls. Moreover, the complaint does not plead facts showing that any particular defendant denied plaintiff's request with the intention of subjecting plaintiff to an excessive risk of harm. Similarly, the allegations regarding "incompetent" doctors and less time with mental and medical health care providers are too vague and conclusory to state a proper claim for relief under the Eighth Amendment.

The allegations are also too vague and conclusory to state a cognizable claim under the Fourteenth Amendment. First, there is no constitutional right to a state prison grievance system.

*Ramirez v. Galaza*, 334 F.3d 850, 860-61 (9th Cir. 2003). Plaintiff's claims against defendants Lewis and Richardson regarding their handling of plaintiff's grievances fail on this basis. As for the allegations that plaintiff has not been provided with a parole suitability hearing in accordance with Proposition 57, the court notes that "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). Although California's parole scheme gives rise to a federal constitutional liberty interest, that right requires only that an inmate be provided with a meaningful opportunity to be heard and notice of the reasons for a decision before he is denied parole. *Id.* at 862-63. Because plaintiff has not been denied parole, he is not due the procedural protections discussed in *Swarthout*.

For these reasons, the complaint must be dismissed. Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended

complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**IV. Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order may result in dismissal of this action for failure to prosecute and failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: April 26, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE